STATE, Respondent v. PIERCE, Appellant

(220 N.W.2d 254)

(File No. 11325. Opinion filed July 19, 1974)

N. Dean Nasser, Jr., Asst. Atty. Gen., Pierre, for respondent; Kermit A. Sande, Atty. Gen., Pierre, Hobart Gates, State's Atty., Custer County, Custer, on the brief.

Roland E. Grosshans, Hot Springs, for appellant.

WOLLMAN, Justice.

An information was filed against defendant charging him with slaughtering cattle and disposing of the hide from such cattle without having the hide inspected and without securing a certificate of inspection. SDCL 40-22-5. Defendant was found guilty by a jury. He appeals from the judgment of conviction entered on the verdict.

The Custer County State's Attorney and the Attorney General have conceded in their brief filed in this court that the state cannot find a sufficient authority in statute, case law or constitutional principles to sustain positions adverse to those asserted in five of the nine questions raised by defendant's assignments of error. They have moved that the court remand the case to the circuit court for a new trial.

We have, of course, examined the record to determine whether the errors complained of by defendant and conceded by the state in fact justify reversal. Gibson v. United States, 329 U.S. 338, 67 S.Ct. 301, 91 L.Ed. 331; Young v. United States, 315 U.S. 257, 62 S.Ct. 510, 86 L.Ed. 832; City of Sioux Falls v. Jager, 69 S.D. 578, 13 N.W.2d 52; State v. Dansky, 69 S.D. 311, 9 N.W.2d 752. Although it appears that at least some of the questions conceded by the state could be answered adversely to defendant, we have concluded that, after giving due regard to the considered judgment of those law enforcement officers responsible for the prosecution of the case, Gibson v. United States, supra; Young v. United States, supra, the state correctly conceded that defendant's motion for a directed verdict of acquittal, SDCL 23-45-5, should have been granted by the trial court.

Accordingly, the judgment of conviction is reversed and the case remanded to the circuit court with directions that a judgment of acquittal be entered. SDCL 23-51-20.

WINANS, DOYLE and DUNN, JJ., concur.

BIEGELMEIER, C. J., concurs in reversal.          .

BIEGELMEIER, Chief Justice (concurring in reversal).

While I have doubts that the record shows prejudicial error, in view of the request of the assistant attorney general that defendant be granted a new trial, I accept his decision that the judgment be reversed and a new trial be granted.